UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamel Demorcy, #270803,) | C/A No. 8:15-2044-JFA-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Stacy Shepard, | |
| Defendant. | |

Jamel Demorcy ("Plaintiff"), proceeding pro se, brings this § 1983 civil action alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Perry Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff apparently alleges the following facts. Stacy Shepard ("Shepard") is an attorney with a Lexington, South Carolina address. [Doc. 1 at 2.] Shepard is the attorney representing him in a pending post conviction relief ("PCR") action in Charleston County. [Doc. 1 at 3.] Plaintiff desires a speedy hearing to appear before a judge in Charleston County, but Shepard has neglected his rights to a court hearing. [*Id.*] Shepard needs to ensure that his PCR case has a hearing scheduled and that Plaintiff can appear. [*Id.*] Plaintiff requests that "Shepard handle my case or I be appointed a new attorney for my post conviction relief." [*Id.*]

Further, Plaintiff alleges that he needs to be permitted to mail Shepard things in legal envelopes, but the prison institution has neglected his rights to write his attorney. [*Id.*] He seems also to request a copy of his transcripts from his first and second trials so that he

will have proof that a crime from his juvenile record was improperly used on his adult record. [*Id.*]

For his relief, Plaintiff requests that his "case be heard befor[e] a judge on post conviction matters and transcripts motions. . . giving to me a speedy hearing trail (sic) date." [*Id.* at 4.]

This Court takes judicial notice that Plaintiff seems to have a pending post conviction relief action in the Charleston County Court of Common Pleas. *See* Charleston County Public Index, http://jcmsweb.charlesoncounty.org/PublicIndex/, (enter "Jamel Demorcy" and "search," click on "2015CP1003014" and "Actions") (last visited June 8, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). From those records, it appears that he filed the action on or about May 27, 2015.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental

entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private

right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed because Plaintiff fails to state a claim on which relief may be granted because he does not allege that Shepard acted under the color of state law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Therefore, Plaintiff's § 1983 claim against Shepard fails to state a claim.[1]

---

[1] When examining the state on-line records, this Court noticed the indication in one of Plaintiff's cases that "Stacy L. Sheppard" may have been a court reporter in 2000. *See* Charleston County Public Index, http://jcmsweb.charlesoncounty.org/PublicIndex/, (enter "Jamel Demorcy" and "search," click on "G431105") (last visited June 8, 2015). Although Plaintiff does not allege that Shepard was a court reporter, to the extent he may have intended to allege that or this Court misunderstood his allegations, Shepard is still entitled to dismissal based on immunity. Clerks of court and other court support personnel are entitled to immunity similar to judges when performing their quasi-judicial duties. *See*

To the extent Plaintiff attempts to bring suit based on alleged interference by prison officials with his legal mail, he does not allege a proper defendant. *See McClam v. Boone*, C/A No. 4:11-1174-TLW-JRM, 2011 WL 4943681, at *2 (D.S.C. Aug. 22, 2011) (Plaintiff must show that the defendant personally caused, or played a role in causing, the deprivation of a federal right; specific information about what each separate defendant did is necessary), *adopted by*, 2011 WL 4943933.

Additionally, to the extent Plaintiff seeks an order by this Court to compel the state court to hold a speedy hearing in his pending PCR action, this action may be construed as seeking a writ of mandamus. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge to schedule a hearing in a pending case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

Lastly, if this action is construed as a state law legal malpractice, or negligence, claim against Shepard, this Court does not have subject matter jurisdiction over this lawsuit. A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir.

---

*Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011); *Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010).

5

2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and Defendant are domiciled in South Carolina; thus, complete diversity is lacking.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                                Jacquelyn D. Austin
                                                                 United States Magistrate Judge

June    , 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).