IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jamel Demorcy, #270803, | ) | C/A No.  8:15-2044-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Stacy Shepard, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* Plaintiff, Jamel Demorcy ("Plaintiff"), is an inmate with the South Carolina Department of Corrections. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against his attorney, Stacy Shepard, and alleges various violations of his constitutional rights.

Section 1983 is a procedural mechanism that creates a private right of action to adjudicate violations of "rights, privileges, or immunities secured by the Constitution and laws." *Rehburg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  A section 1983 claim must meet two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In accordance with 28 U.S.C. § 636 (b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling[1]. The Magistrate Judge assigned to this action prepared a Report and Recommendation, which was entered on the docket on June

---

[1] The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

8, 2015, and opines that the Plaintiff's motion should be summarily dismissed for failure to state a claim on which relief may be granted. [ECF No. 9].

The Plaintiff was advised of his right to file objections to the Report and Recommendation. *Id.* The Plaintiff filed a timely objection on June 22, 2015, but did not specifically object to issues within the Report and Recommendation. [ECF No. 11]. Rather, he simply restated claims raised in his original complaint with regard to his attorney and the allegations against the prison's mailroom staff. *Id.*

If a party fails to properly object because the objections lack the requisite specificity, a court need not conduct a *de novo* review. *See Brooks v. James*, No. 2:10-2010-MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, a court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985) (internal citations omitted).

## I.     INEFFECTIVE COUNSEL

As the Magistrate Judge makes clear in their Report and Recommendation, Plaintiff's allegations against Stacy Shepard fail to state a claim upon which this Court can grant relief because Shepard is not acting under color of state law.

While the assistance of counsel is guaranteed to a criminal defendant under the Sixth Amendment, an attorney, whether publicly assigned or privately retained, does not act under color of state law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Polk Cty. v. Dodson*, 454 U.S. 312, 317–24 & nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56

& nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Because Shepard is not a state actor, the action does not meet both jurisdictional prerequisites. Therefore, the Court agrees with the Magistrate Judge's recommendation and finds that Plaintiff's claim against Shepard fails.

## II.   DENIED ACCESS TO MAIL SERVICES

In his objection, Plaintiff elaborated upon his initial claim against prison officials by providing the names of two mailroom staff members—thereby providing more specificity. However, Plaintiff failed to provide additional details about what the staff members did to impede his access to mailroom services.

Regardless, neither staff member is named as a defendant. As the Magistrate Judge correctly stated, Plaintiff does not allege a proper defendant. *See McClam v. Boone*, No. CA 4:11-1174-TLW-JRM, 2011 WL 4943681, at *2 (D.S.C. Aug. 22, 2011) *report and recommendation adopted*, No. CA 4:11-1174-TLW-JRM, 2011 WL 4943933 (D.S.C. Oct. 17, 2011) (holding that a plaintiff must show that the official personally caused, or played a role in causing, the deprivation of a federal right). Further, Plaintiff's objection does not provide detail on the personal involvement of his attorney in this matter. Therefore, the statements are insufficient to state any viable claim and the Court finds no fault with the Magistrate's determination.

## III.   CONCLUSION

After reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report and Recommendation is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

       IT IS SO ORDERED.

July 30, 2015                                  Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

4